# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LINDA TIOKASIN-ORR | No. 48680-6-II |
| Appellant, | |
| v. | |
| ESTATE OF PATRICIA SPRUANCE ORR, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Linda Tiokasin-Orr appeals the trial court's judgment that Patricia Spruance Orr was substantially justified in recording a lis pendens[1] on Tiokasin-Orr's previous marital home and denying her claim for damages. Tiokasin-Orr argues that the trial court erred as a matter of law by not expanding the statutory lis pendens cause of action under RCW 4.28.328(3) to include Patricia Spruance Orr's failure to timely remove the lis pendens for sixteen months because the failure caused Tiokasin-Orr damages. Because the trial court correctly interpreted and applied the statute, and did not expand the cause of action to include recovery for failure to timely remove the lis pendens, we affirm the trial court's ruling against Tiokasin-Orr and in favor of the Estate of Patricia Spruance Orr (Estate). Because this appeal presents a legal argument that is not expressly contradicted by the statute, we also hold that Tiokasin-Orr's appeal is not frivolous and we decline to award attorney fees to the Estate.

---

[1] A lis pendens is a mechanism for giving notice that a lawsuit that concerns title to real property has been filed. *See* RCW 4.28.320.

FACTS

Patricia and David Orr[2] divorced in 2003. David was legally obligated to pay spousal support to Patricia. David then married Tiokasin-Orr. In 2005, David and Tiokasin-Orr bought a house (the marital home). David fell behind on spousal support payments to Patricia. In 2011, David quitclaimed all of his interest in the marital home to his wife, Tiokasin-Orr.

In 2012, Patricia commenced legal proceedings against David to recover the overdue support payments. Before a judgment was entered in the spousal support proceeding, David and Tiokasin-Orr separated. In late 2012, Patricia obtained judgment against David in unpaid spousal support. Patricia then filed a complaint against David and Tiokasin-Orr alleging that they had engaged in the fraudulent transfer of David's interest in the marital home to Tiokasin-Orr. On October 31, Patricia recorded a lis pendens against the marital home as part of the fraudulent transfer lawsuit.

In early 2014, Tiokasin-Orr filed a motion to dismiss the fraudulent transfer lawsuit for lack of prosecution. That same month, Patricia filed a motion to voluntarily dismiss the fraudulent transfer action and she released the lis pendens on the marital home. Patricia passed away in March and a probate action was opened to administer her estate. Tiokasin-Orr presented a claim against Patricia's estate for damages allegedly caused by the lis pendens. Her claim was denied. Tiokasin-

---

[2] For clarity, we refer to Patricia and David by their first names and mean no disrespect.

No. 48680-6-II

Orr then sued the Estate alleging "wrongful lis pendens" under RCW 4.28.328(2).[3] Clerk's Papers (CP) at 2, 4.

At a bench trial, Tiokasin-Orr testified as to the above facts. She also testified that David transferred the marital home and his other assets to her in repayment of $800,000 of David's debts that Tiokasin-Orr paid on his behalf. The trial court based its conclusions of law on RCW 4.28.328(3)[4] and concluded that Patricia had a good faith basis for filing the lis pendens against the marital home. The trial court entered a judgment in favor of the Estate and against Tiokasin-Orr. Tiokasin-Orr appeals.

While Tiokasin-Orr's appeal was pending, the Estate filed a motion for attorney fees under RCW 4.84.185, asserting the lawsuit was frivolous.[5] The trial court denied the motion, concluding that he could not find that Tiokasin-Orr pursued the lawsuit without reasonable cause.

---

[3] RCW 4.28.328(2) provides,

> A claimant in an action *not affecting the title to real property* against which the lis pendens was filed is liable to an aggrieved party who prevails on a motion to cancel the lis pendens, for actual damages caused by filing the lis pendens, and for reasonable attorneys' fees incurred in canceling the lis pendens.

(Emphasis added). In her complaint, Tiokasin-Orr asserted that Patricia wrongfully filed the lis pendens because the underlying lawsuit did not affect title to Tiokasin-Orr's real property.

[4] RCW 4.28.328(3) concerns actions affecting title to real property. *See* RCW 4.28.328(1)(a). The trial court did not expressly find that Patricia's underlying fraudulent transfer action concerned title to real property, but did refer to the marital home as "the Property" in its findings of fact and conclusions of law. CP at 48-49.

[5] The trial court may require the nonprevailing party in a civil action to pay the prevailing party reasonable attorney fees, upon written findings that the action was frivolous and advanced without reasonable cause. RCW 4.84.185.

ANALYSIS

Tiokasin-Orr argues that this appeal is not about Patricia's perceived justification in *placing* the lis pendens. Instead, she argues that this appeal is about Patricia's failure to *remove* the lis pendens immediately once notified that the transfer of the marital home was to reimburse Tiokasin-Orr for loans she made to David.[6] Br. of Appellant at 8. The Estate argues the appeal lacks merit and is frivolous.[7] Br. of Resp't at 5, 8.

## I. STANDARDS OF REVIEW

We review questions of law and statutory construction de novo. *SEIU Healthcare 775NW v. Dep't of Soc. & Health Servs.*, 193 Wn. App. 377, 398, 377 P.3d 214 (2016). When a statute is unambiguous, we look to a statute's plain language alone to determine the legislature's intent. *SEIU Healthcare*, 193 Wn. App. at 398. We do not rewrite unambiguous statutory language under the guise of interpretation. *Cerrillo v. Esparza*, 158 Wn.2d 194, 201, 142 P.3d 155 (2006). We will not add words where the legislature has chosen not to include them. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010).

---

[6] Tiokasin-Orr states in her brief that as soon as Patricia filed the fraudulent transfer lawsuit, Tiokasin-Orr "quickly provided financial records to [Patricia] . . . proving that the transfer had been done in good faith and for fair value." Br. of Appellant at 4. Tiokasin-Orr cites to Clerk's Papers 45, which is a certificate of service. We are not required to search the record to support a party's argument. RAP 10.3(a)(6); *Bostwick v. Ballard Marine, Inc.*, 127 Wn. App. 762, 770, 112 P.3d 571 (2005). In this case, however, we do not need evidence of Patricia's knowledge *after* the lis pendens was filed.

[7] The Estate argues that Tiokasin-Orr fails to challenge any finding of fact or error of law. We disagree. Tiokasin-Orr assigns error to the trial court's conclusion of law that Patricia had substantial justification to file the lis pendens without addressing her delay in removing the lis pendens, and by denying Tiokasin-Orr damages.

No. 48680-6-II

## II. LIS PENDENS STATUTES

A lis pendens may be filed "[a]t any time after an action affecting title to real property has been commenced." RCW 4.28.320. But a party who files a wrongful lis pendens risks liability in damages for doing so. RCW 4.28.328 governs, and it provides in relevant part:

> *Unless the claimant establishes a substantial justification for filing the lis pendens*, a claimant is liable to an aggrieved party who prevails in defense of the action in which the lis pendens was filed for actual damages caused by filing the lis pendens, and in the court's discretion, reasonable attorneys' fees and costs incurred in defending the action.

RCW 4.28.328(3) (emphasis added). Filing a lis pendens is substantially justified where the claimant has a "reasonable, good faith basis in fact or law for believing they have an interest in the property." *S. Kitsap Family Worship Ctr. v. Weir*, 135 Wn. App. 900, 912, 146 P.3d 935 (2006).

Here, we examine the plain language of the governing statute, RCW 4.28.328 to determine whether Tiokasin-Orr has a claim for damages for the failure to timely remove the lis pendens.[8] Under the plain language, a cause of action under wrongful lis pendens—where the underlying action affects title to real property—concerns the *filing* of the lis pendens, not its removal. *See* RCW 4.28.328(3). And Tiokasin-Orr cites no authority supporting her position that a delay in removing a lis pendens, once justifiably filed, is considered a "wrongful lis pendens" under the

---

[8] Tiokasin-Orr cites to the *Washington Practice Handbook on Civil Procedure* to support her argument. The handbook states,

> In the event that the action is later dismissed, or if the plaintiff elects not to pursue an action after recording a notice of *lis pendens*, ethical practice requires that the plaintiff take steps to remove the cloud on the defendant's title.

14 KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 7:8, at 218-19 (2nd ed. 2009).

5

law.[9] We decline to add words to the statutory language to expand a wrongful lis pendens action to include recovery for the failure to timely remove the lis pendens. Therefore, we affirm the trial court's judgment against Tiokasin-Orr and in favor of the Estate.

## ATTORNEY FEES

The Estate requests an award of reasonable attorney fees under RAP 18.1(a) and 18.9(a) arguing that the appeal lacks merit and is frivolous. Br. of Resp't at 11.

RAP 18.1(a) provides that this court may award a party reasonable attorney fees and costs on appeal when an applicable law grants the party the right to recover them. RAP 18.9(a) permits an award of attorney fees as sanctions, terms, or compensatory damages when the opposing party files a frivolous appellate action.[10] *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hearing's Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010).

---

[9] We hold Patricia, as a pro se litigant, to the same standard and same rules of procedure on appeal as attorneys. *West v. Wash. Ass'n of County. Officials*, 162 Wn. App. 120, 137 n.13, 252 P.3d 406 (2011). Appellants are required to provide legal argument in support of the issues presented for review. RAP 10.3(a)(6).

[10] RAP 18.9(a) provides, in relevant part:

> [O]n its own initiative or on motion of a party [this court] may order a party . . . who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court.

An appeal is frivolous if, considering the entire record, we are convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal. *Tiffany Family Trust Corp. v. City of Kent*, 155 Wn.2d 225, 241, 119 P.3d 325 (2005). All doubts as to whether the appeal is frivolous are resolved in favor of the appellant. *Tiffany Family Trust*, 155 Wn.2d at 241.

Here, Tiokasin-Orr concedes that this appeal is not about Patricia's perceived justification in placing the lis pendens. Tiokasin-Orr contends that the trial court erred when it did not consider Patricia's failure to remove the lis pendens immediately once provided with documentation. Tiokasin-Orr further argues that Patricia's removal of the lis pendens in response to Tiokasin-Orr's motion to dismiss is indicative that the lis pendens was wrongfully recorded in the first instance. As discussed above, her argument fails.

However, Tiokasin-Orr's argument was made in good faith because the statute does not expressly deny damages for an unjustified delay in removing a lis pendens, and she argues to expand liability for unjustified delay in removing a lis pendens. Because Tiokasin-Orr made a good-faith argument and all doubts should be resolved in Tiokasin-Orr's favor, we hold that Tiokasin-Orr's appeal is not without merit, it is not frivolous, and we decline to award attorney fees to the Estate.

No. 48680-6-II

We hold that the trial court did not err in its conclusion of law and we affirm the trial court's judgment against Tiokasin-Orr and in favor of the Estate. We also hold that Tiokasin-Orr's appeal was not frivolous and we decline to award attorney fees to the Estate.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, PJ.

MELNICK, J.

8