[No. 84501-8. En Banc.]
Considered November 4, 2010. Decided November 18, 2010.

ADVOCATES FOR RESPONSIBLE DEVELOPMENT ET AL., *Petitioners*, v. THE WESTERN WASHINGTON GROWTH MANAGEMENT HEARINGS BOARD ET AL., *Respondents.*

578

*Advocates for Responsible Development* and *John E. Diehl*, pro se.

*Robert M. McKenna, Attorney General, Alan D. Copsey, Deputy Solicitor General*, and *Jerald R. Anderson, Senior Counsel*; and *Stephen T. Whitehouse*, for respondents.

¶1 PER CURIAM — In a challenge to a county's land use ordinances by a nonprofit association, the Court of Appeals held that the association's president did not have personal

participation standing to appeal the ordinances to the Western Washington Growth Management Hearings Board and that he could not represent the association before the courts as a layperson. Finding frivolous the argument that the president could represent the organization in court, the Court of Appeals imposed sanctions. The president and the association petitioned for this court's review, challenging the sanctions. We grant the petition and reverse the Court of Appeals for the reasons discussed below.

¶2 In 2006 Advocates for Responsible Development (ARD) challenged three proposed Mason County land use ordinances through two letters that John Diehl, its president, submitted to the county on ARD's behalf. After the county adopted the ordinances, Diehl, acting again on ARD's behalf and inserting himself individually as a petitioner, sought review of the ordinances before the Western Washington Growth Management Hearings Board.

¶3 Shaw Family LLC, whose property was affected by at least one of the ordinances, intervened in ARD's appeal. Shaw Family moved to dismiss Diehl from the action on the ground that Diehl had no participation standing under the Growth Management Act (ch. 36.70A RCW) because he did not appear at the county level individually. Shaw Family also moved to dismiss ARD on the ground that ARD was not a registered entity with either the Office of the Secretary of State or the Department of Revenue. The board dismissed Diehl for lack of personal standing, but it ruled that ARD had participation standing by virtue of Diehl's remarks on ARD's behalf at the county level. The board also ruled that Diehl, though not an attorney, could represent ARD in proceedings before the board. *See* WAC 242-02-110(1) (nonlawyer member of a group may represent group before growth management hearings board). After a hearing on the merits of ARD's claims, the board ruled that the county violated the Growth Management Act in adopting one of the ordinances.

¶4 Diehl and ARD (represented by Diehl) sought judicial review, challenging, among other things, the board's ruling

that Diehl lacked personal participation standing. The superior court affirmed, further ruling that Diehl could not represent ARD in court.

¶5 The Court of Appeals affirmed and awarded Shaw Family attorney fees as sanctions against Diehl and ARD for filing a frivolous appeal pursuant to RAP 18.9(a). Specifically, the court found frivolous the argument that Diehl could represent ARD in court. But the court found not frivolous Diehl's argument that he had personal standing before the board.

■ ¶6 RAP 18.9(a) permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a frivolous appellate action. *Reid v. Dalton*, 124 Wn. App. 113, 128, 100 P.3d 349 (2004). An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal. *Tiffany Family Trust Corp. v. City of Kent*, 155 Wn.2d 225, 241, 119 P.3d 325 (2005). All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant. *Id.*

■ ■ ¶7 The Court of Appeals erroneously imposed sanctions under RAP 18.9(a) for filing a frivolous appeal. The issue of lay representation is not frivolous because at least one court in a foreign jurisdiction has allowed nonattorney representation of an environmental organization where the lay representative shared a common interest with the organization. *See Vt. Agency of Natural Res. v. Upper Valley Reg'l Landfill Corp.*, 159 Vt. 454, 458, 621 A.2d 225 (1992). While we do not hold that the argument has merit, it is not so totally devoid of merit as to be frivolous. Moreover, even if the issue was frivolous, it did not alone justify the Court of Appeals in awarding sanctions under RAP 18.9(a) because the court specifically acknowledged that the issue of Diehl's personal standing was not frivolous. Raising at least one debatable issue precludes finding that the appeal as a whole is frivolous. *See Green River*

*Cmty. Coll. Dist. No. 10 v. Higher Educ. Pers. Bd.*, 107 Wn.2d 427, 443, 730 P.2d 653 (1986). Because the action was not frivolous in its entirety, the Court of Appeals should not have awarded attorney fees as sanctions.

¶8 The Court of Appeals award of attorney fees under RAP 18.9(a) is reversed.