COURT OF APPEALS DIV. I
2016 NOV 21  AM 10: 17



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STI AMERICA, INC., | ) | No. 74045-8-I |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER DENYING MOTION FOR |
| AVALON LEASING, INC., | ) | RECONSIDERATION AND |
| | ) | WITHDRAWING AND SUBSTITUTING |
| Respondent, | ) | OPINION |
| | ) | |
| LEYEN FOOD, LLC, | ) | |
| | ) | |
| Appellant. | ) | |

Leyen Food LLC (Leyen) filed a motion to reconsider the opinion filed on October 3, 2016. The panel has determined that Leyen's motion for reconsideration should be denied but the opinion filed on October 3, 2016 shall be withdrawn and a substitute opinion filed. The substitute opinion includes the following amendment:

The first full paragraph on page 10 that states:

> Leyen also argues that there was no prejudice because it provided Avalon with all of the responsive documents that Leyen had in its possession. The record does not support Leyen's argument. The unchallenged findings establish Leyen listed over 62 source records and approximately 40 exhibits for trial but produced none of these records.

shall be replaced and amended as follows:

Leyen also argues that there was no prejudice because it provided Avalon with all of the responsive documents that Leyen had in its possession. The record does not support Leyen's argument. The trial court's unchallenged findings establish Leyen listed over 60 source records. But the records "were not produced. Electronic copies were not produced. Electronic records were repor[t]ed as being deleted without explanation of why or whether any attempt to recover them was made." The trial court also found:

> Leyen failed to produce records and even went so far as to having denied the existence of several records relevant to determining the relation between Voyager Seafood and itself, which clearly exist, as suggested by exhibits 4-9 of Avalon's current motion.

Now, therefore, it is hereby

ORDERED that Leyen's motion for reconsideration is denied and the opinion filed on October 3, 2016 shall be withdrawn and a substitute opinion filed.



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STI AMERICA, INC., | ) | No. 74045-8-I |
| | ) | |
| Plaintiff, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| AVALON LEASING, INC., | ) | |
| | ) | UNPUBLISHED OPINION |
| Respondent, | ) | |
| | ) | |
| LEYEN FOOD, LLC, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 21, 2016 |

SCHINDLER, J. — Leyen Food LLC (Leyen) appeals the order granting Avalon

Leasing Inc.'s fourth motion to compel discovery and the sanction that prohibited Leyen

from presenting "any testimony or evidence on issues which were the subject of the

discovery." Because the order reflects the court properly considered the factors under

Burnet v. Spokane Ambulance, 131 Wn.2d 484, 933 P.2d 1036 (1997), we affirm.

FACTS

Avalon Leasing Inc. (Avalon) is a major supplier of salmon roe to the international

and domestic markets. On October 28, 2012, Avalon sold salmon roe to Japanese

trading company STI America Inc. (STI). Voyager Seafood Ltd. (Voyager) was a

seafood products processor located in Kent. Voyager supplied some of the roe that Avalon sold to STI.

Lester Zhou was President and General Manager of Voyager. Zhou was also the Regional Manager of a meat and poultry product supplier based in City of Industry, California, Leyen Food LLC (Leyen). Voyager requested STI pay Leyen for the roe purchased from Avalon. Avalon asserted it was entitled to payment from STI.

STI filed an interpleader action against Avalon and Leyen and deposited the funds in the court registry. The case scheduling order set May 11, 2015 as the discovery cutoff date and June 29, 2015 as the trial date.

Avalon scheduled the deposition of Zhou for April 14, 2014. Zhou did not appear and declined to provide an alternate date for his deposition.

In February 2015, Avalon served Leyen with interrogatories, requests for production, and requests for admission.

The requests for admissions asked Leyen to admit it "did not have a security interest in the funds subject of this lawsuit" and "did not have documents evidencing its alleged acquisition of the salmon and roe which it then claims were sold by it to STI." Leyen denied all of the requests for admission "indicat[ing] such documents exist."

The interrogatories and requests for production sought information and records concerning Leyen's claim to the funds and the relationship between Leyen and Voyager as "a secured creditor, owner, factor, partner, joint venture, purchaser of the salmon and roe and re-seller."

On March 20, Avalon filed a motion to compel answers to the first set of interrogatories and requests for production of documents and requested an order to

2

compel Zhou to appear for deposition. Leyen claimed the difficulty in responding to the discovery requests and scheduling depositions was related to the location of the business in California.

On March 31, the trial court entered an order on the motion to compel. The order states Leyen "shall fully and completely answer" the first set of interrogatories by April 3 and ordered Zhou to appear for deposition on April 6 or at a later date agreed to by the parties. The court awarded reasonable attorney fees and sanctions against Leyen of $3,400.

On March 30, Avalon served Leyen with a second discovery request seeking the identification and production of the documents supporting the denial to the requests for admissions.

On April 7, Avalon filed a second motion to compel Leyen to fully and completely answer the first set of interrogatories and request for production of documents.

On April 27, the trial court entered an order on the second motion to compel. The order states Leyen has not timely and fully complied with discovery requests and the court's order and authorized attorney fees and sanctions.

> Leyen Foods [sic] has not timely answered discovery, . . . has not as yet fully complied with this Court's order of March 31, 2015, and . . . an award of attorney fees and sanctions are authorized by CR 26 and CR 37.

The order states Leyen shall fully and completely answer the first set of interrogatories and requests for production by May 6. The court ordered Leyen to pay Avalon $500 as sanctions for the failure to "fully and timely comply with this court's

3

order of March 31, 2015." The court further ordered:

> Leyen Foods [sic] will [be] assessed daily sanctions of $250 per court day after May 6, 2015 for each court day that Defendant Leyen Foods [sic] fails to fully, accurately and completely answer Avalon Leasing[']s First Set of Interrogatories PLUS $250 per court day after May 6, 2015 for each court day it fails to produce . . . any and all records subject of the Avalon Leasing[']s First Set of Requests For Production.

The order states:

> [F]urther, **much** more serious sanctions will be considered if Defendant Leyen Foods [sic] does not very soon come into compliance with this Court's discovery orders and the case schedule.[1]

On May 28, Avalon filed a third motion to compel. On June 8, the trial court entered an order on the third motion to compel. The order states Leyen "shall fully and completely answer" Avalon's first set of interrogatories and requests for production by June 10. The court found that because Leyen "has not timely answered discovery, . . . an award of attorney fees and sanctions are authorized by CR 26 and CR 37."

The court awarded Avalon attorney fees. The court imposed sanctions of $3,500 and sanctions of $200 "per day after June 5 for each day" Leyen "fails to fully, accurately and completely answer" Avalon's first set of interrogatories "or fails to produce . . . any and all records subject of the . . . Second Set of Requests For Production." The court found that despite repeated orders, Leyen did not comply with the discovery requests.

> The record in this case of noncompliance by Leyen Foods [sic], despite repeated orders from this Court, is abysmal. It is difficult not to view Leyen Food's failure to provide ordered discovery as anything but willful. Further delays in fully responding to discovery requests will provide a basis for Avalon Leasing to establish sufficient prejudice to warrant very significant sanctions.

---

[1] Emphasis in original.

The order states that if Leyen did not comply with the order, the court would consider "**much more substantial sanctions**."[2]

> **[S]hould Leyen Foods [sic] fail to fully and complete[ly] answer any interrogatory of Avalon Leasing's Second Set of Interrogatories to Leyen Foods [sic] or fails to produce any responsive document responsive to Avalon Leasing's Second Set of Requests for Production of Documents by June 12, 2015 then this court will seriously consider much more substantial sanctions under Burnett [sic] v. Spokane Ambulance[3] and its progeny.[4]**

On June 12, Leyen provided partial answers to Avalon's second set of discovery requests.

On June 17, less than two weeks before the scheduled trial date of June 29, Avalon filed a fourth motion to compel. Avalon requested the court find Leyen in contempt and strike Leyen's answer and claim to the funds. In support of its motion, Avalon attached a number of documents produced by third parties relevant to the relationship between Voyager and Leyen.

On June 26, the trial court entered an order on the fourth motion to compel. The court found that Leyen claimed it had a security interest in the funds and had documents related to acquisition of the salmon roe sold to STI, but that Leyen has not produced:

> [A] finance statement, loan agreement, security agreement, factoring agreement, or documents of title indicating that it purchased the salmon or roe, such as, fish tickets, warehouse receipts, bills of sale, or even purchase invoices.

The court found Leyen "made no effort to supplement its deficient answers to interrogatories or provide any explanation as to why it could not do so," Leyen "made no

---

[2] Emphasis in original.

[3] Burnet v. Spokane Ambulance, 131 Wn.2d 484, 933 P.2d 1036 (1997).

[4] Emphasis in original.

effort to supplement its production of documents or provide any explanation as to why over 62 source records were not produced," and Leyen did not "produce other records such as exhibits 4-9 to Avalon's Fourth Motion To Compel."

The court found Leyen's response to the second set of discovery requests "were not complete" and "lacked details."

> [T]he answers were not complete, lacked details such as identification of persons having knowledge of the subject matter of the interrogatory, and description of documents. . . . The source records were not produced. Electronic copies were not produced. Electronic records were reported as being deleted without explanation of why or whether any attempt to recover them was made. Leyen failed to produce records and even went so far as to having denied the existence of several records relevant to determining the relation between Voyager Seafood and itself, which clearly exist, as suggested by exhibits 4-9 of Avalon's current motion.

The court found Leyen's "failure to produce source records and other documents was intentional," its "failure to fully answer interrogatories was also intentional," and its failure to answer interrogatories and to produce records "prejudiced and prevented Avalon Leasing from preparing for trial or taking depositions of Leyen's witnesses, who themselves were not disclosed until June 2015."

> Leyen has not made its witnesses available for deposition despite this Court's order of March 31, 2015 ordering that its witnesses appear for deposition by April 6, 2015. The trial is scheduled for June 29, 2015. Leyen Food's answers to interrogatories do not disclose any persons who have any knowledge of or involvement with the transactions or relations at issue.

The order states the court "has considered and attempted lesser sanctions in the past. Defendant Leyen has failed to respond to these sanctions or obey this Court's prior orders compelling discovery." The trial court did not strike Leyen's answer or the trial date and did not find Leyen in contempt. However, the trial court concluded Leyen

6

intentionally and willfully disobeyed the court orders of March 31, April 27, and June 8 and imposed sanctions.

The trial court concluded the least restrictive sanction for the willful and prejudicial failure to comply with the discovery orders was to prohibit Leyen from introducing evidence "on issues which were the subject of the discovery" including any alleged claim to the funds.

> The least restrictive remedy for Defendant Leyen Food's willful and prejudicial failure to comply with discovery is to prohibit the introduction of any testimony or evidence on issues which were the subject of the discovery. . . .
> . . . The appropriate remedy is to prohibit Defendant Leyen Food from introducing any testimony or evidence regarding any alleged claim it has to the funds held by the court. Leyen Foods [sic] has not produced any security agreements, finance agreements, loan agreements, UCC-1's,[5] fish tickets, bills of sale, warehouse receipts, documents of title, sales records, or other evidence to support any claim that it has any interest in the funds as a lender, factor, buyer, owner of the salmon or roe, or that it purchased it. Leyen Foods [sic] may not introduce any evidence relating to these matters.

The trial court entered a judgment of $31,982.49 for attorney fees and sanctions including the attorney fees and sanctions imposed in the April 27 and June 8 discovery orders.

The parties stipulated to the judgment and stay of trial. The June 29, 2015 stipulation states Avalon's claim to the funds will be senior and superior and the court will enter an order awarding and distributing the funds to Avalon. The stipulation preserves Leyen's right to appeal the discovery orders. On September 15, the court entered a judgment reflecting the terms of the stipulation.

---

[5] Uniform Commercial Code financing statement.

## ANALYSIS

Leyen challenges the decision to impose the discovery sanction that prohibits "any testimony or evidence regarding any alleged claim it has to the funds held by the court." Leyen argues the sanction "amounts to an order of default" and is an abuse of discretion.

CR 37(b)(2) authorizes the trial court to impose sanctions including dismissal for violation of the discovery rules. The rule states, in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under section (a) of this rule [(motion for order compelling discovery)] . . . , the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . . .
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the disobedient party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party.

CR 37(b)(2).

Discovery sanctions are generally within the sound discretion of the trial court. Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997). The sanction rules are designed to confer wide latitude and discretion on the trial judge to decide what sanctions are appropriate. Burnet, 131 Wn.2d at 494. A trial judge has "broad discretion" as to how to respond to parties' noncompliance with discovery and case management orders. Burnet, 131 Wn.2d at 494.

> Such a "discretionary determination should not be disturbed on appeal except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for

8

untenable reasons."

Burnet, 131 Wn.2d at 494 (quoting Associated Mortg. Inv'rs v. G.P. Kent Constr. Co., 15 Wn. App. 223, 229, 548 P.2d 558 (1976)).

A trial court may impose the most severe discovery sanctions only upon a showing that (1) the discovery violation was willful or deliberate, (2) the violation substantially prejudiced the opponent's ability to prepare for trial, and (3) the court explicitly considered less severe sanctions. Burnet, 131 Wn.2d at 494. Failure to consider the three factors amounts to an abuse of discretion. Keck v. Collins, 184 Wn.2d 358, 368, 357 P.3d 1080 (2015). Unchallenged findings are verities on appeal. Robel v. Roundup Corp., 148 Wn.2d 35, 42, 59 P.3d 611 (2002).

Here, the unchallenged findings establish that Leyen's "failure to produce source records and other documents was intentional" and its "failure to fully answer interrogatories was also intentional." The court found Leyen "intentionally and willfully disobeyed the aforementioned Court Orders of March 31, April 27 and June 8, 2015.

> Leyen Food's failure to answer interrogatories and to produce records prejudiced and prevented Avalon Leasing from preparing for trial or taking depositions of Leyen's witnesses, who themselves were not disclosed until June of 2015.

Leyen cites to the Court of Appeals decision in Magana v. Hyundai Motor America, 141 Wn. App. 495, 170 P.3d 1165 (2007), in support of the argument that Avalon was in no way prejudiced by the delay in production of documents. Leyen's reliance on the Court of Appeals decision in Magana is misplaced. In Magana, the Court of Appeals concluded Hyundai Motor's late production did not hinder Magana's ability to investigate incidents and Magana should have anticipated a trial continuance. Magana, 141 Wn. App. at 516-18. The Washington Supreme Court reversed. Magana

9

v. Hyundai Motor America, 167 Wn.2d 570, 220 P.3d 191 (2009). The court held Magana was substantially prejudiced by Hyundai Motor's "egregious actions." Magana, 167 Wn.2d at 590.

Leyen also argues that there was no prejudice because it provided Avalon with all of the responsive documents that Leyen had in its possession. The record does not support Leyen's argument. The trial court's unchallenged findings establish Leyen listed over 60 source records. But the records "were not produced. Electronic copies were not produced. Electronic records were repor[t]ed as being deleted without explanation of why or whether any attempt to recover them was made." The trial court also found:

> Leyen failed to produce records and even went so far as to having denied the existence of several records relevant to determining the relation between Voyager Seafood and itself, which clearly exist, as suggested by exhibits 4-9 of Avalon's current motion.

Leyen argues that "lesser sanctions 'could adequately address the goal of encouraging good faith compliance.' "[6] The record does not support Leyen's argument. First, the trial court expressly considered lesser sanctions. In the June 26 order, the court states that it "has considered and attempted lesser sanctions in the past. Defendant Leyen has failed to respond to these sanctions or obey this Court's prior orders compelling discovery."

The record establishes the trial court considered the Burnet factors and did not abuse its discretion by entering the fourth order to compel. The court did not abuse its discretion by finding that the least restrictive remedy was to preclude Leyen from introducing evidence on issues that were the subject of discovery or any alleged claim

---

[6] Quoting Magana, 141 Wn. App. at 520.

to the funds. The unchallenged findings establish Leyen did not produce "evidence to support any claim that it has any interest in the funds as a lender, factor, buyer, owner of the salmon or roe, or that it purchased it."

Avalon seeks an award of reasonable attorney fees and costs arguing the appeal is frivolous. Under RAP 18.9(a), an appellate court may order a party to pay compensatory damages or terms for filing a frivolous appeal.

> An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal.

Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hearings Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010). Raising at least one debatable issue precludes finding that the appeal as a whole is frivolous. Advocates, 170 Wn.2d at 580.

Because Leyen has presented no debatable point of law, the appeal lacks merit and is frivolous. We award reasonable appellate attorney fees and costs to Avalon upon compliance with RAP 18.1.

Affirmed.

WE CONCUR:

11