## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, | ) ) ) | No. 76248-6-I |
| Intervenor/Appellant, | ) ) | |
| v. | ) ) | |
| M. SUE SEFTON AND ROYAL SEFTON, | ) ) ) | |
| Respondent, | ) ) | |
| v. | ) ) | DIVISION ONE |
| IMPERO CONSTRUCTION COMPANY, A Washington corporation, and JOHN DOE CONSTRUCTION COMPANY I Through III, unknown corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| IMPERO CONTRACTING CO., LLC, | ) ) | |
| Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| BLYTHE PLUMBING & HEATING, INC., | ) ) | |
| Third Party Defendant. | ) ) | UNPUBLISHED OPINION |

No. 76248-6-I/2

IMPERO CONTACTING, CO., LLC., )
                                     )

        Fourth Party Plaintiff, )

    v. )

DELTA TECHNOLOGIES CORP., )

        Fourth Party Defendant. )

                                ) FILED: February 26, 2018

SPEARMAN, J. — A party may only appeal as a matter of right those actions of a trial court set forth in RAP 2.2(a). Trinity appeals an order denying dismissal and an order determining the reasonableness of a settlement, but that reserves whether the settlement amount is binding on Trinity. Neither of these orders are final under RAP 2.2(a)(13). Nor do they determine or discontinue the action under RAP 2.2(a)(3). They are therefore not appealable as a matter of right. Further, discretionary review of these orders is not warranted. We dismiss Trinity's appeal.

## FACTS

While attempting to deliver a package in 2006, FedEx driver, Sue Sefton, pulled into the parking lot of a construction site. Sefton exited her vehicle and moved around the back of a pickup truck, striking her head on several unflagged T-bars protruding from the bed of the truck. She was injured.

On June 9, 2009, Sefton and her husband filed suit against Impero Construction Company and John Doe Construction Company I through III on a

2

theory of premises liability. Impero[1] answered, and filed third and fourth party complaints against subcontractors Blythe Plumbing & Heating, Inc. and Delta Technologies Corporation.

Appellant Trinity insures Blythe Plumbing, and defended Blythe in this lawsuit. Trinity also defended Impero under a reservation of rights as an additional insured under its policy with Blythe. The parties mediated the case in 2011, but failed to reach a global settlement. Impero's primary insurer, Certain Underwriters at Lloyd's London, then negotiated a settlement with the Seftons in which the Seftons and Impero agreed to settle all claims for $862,000, of which Underwriters agreed to pay $65,000. Impero assigned any and all claims against third parties who could be potentially at fault, including Blythe. Underwriters agreed to assign any and all claims against third parties and their liability insurers, including Trinity. In October 2011, the Seftons dismissed the claims against Impero and moved for an order declaring the settlement reasonable and binding. All insurers, including Trinity, intervened to oppose the settlement.

In February 2012, Trinity's counsel for Impero received a copy of the settlement agreement from the Seftons that Impero had not signed, including a request for a clarification that Impero was also assigning their claims against their insurers. Trinity's counsel forwarded the document to Impero for signature, and Impero executed the settlement agreement. After reviewing the clarification and

---

[1] The record reflects that Impero Contracting Co., LLC was the general contractor on the jobsite. Trinity belabors the complaint's misidentification, which goes to the merits of some of its arguments. We do not reach the merits of these arguments, so for clarity this opinion refers only to "Impero".

finding it to be a material alteration, Trinity's counsel for Impero revoked Impero's signature and agreement to the clarification.

In March 2012, all parties except Trinity agreed to pay $100,000 to the Seftons in exchange for a release of their claims. The trial court dismissed all parties except Trinity.

On April 14, 2015, the superior court clerk filed a Notice of Dismissal for Want of Prosecution. The Seftons opposed the dismissal.

On June 8, 2016, the clerk again filed a notice of dismissal for want of prosecution, requiring an action of record or a status report within thirty days. Plaintiffs filed a status report, to which Trinity responded with its own CR 41(b) motion to dismiss.

The Seftons then filed a "[r]evisited motion for order declaring settlement between parties and intervenors to be reasonable and binding." Clerk's Paper (CP) at 510-34. The trial court denied the CR 41(b) motions to dismiss.

The Seftons amended their motion, which the trial court granted in part, ruling that the settlement amount of $862,000 was reasonable. But the court reserved ruling on whether it was binding on Trinity. The order allowed discovery and briefing regarding Trinity's conduct in the underlying claim and its liability for damages to Impero, including its claims handling practice. Trinity appeals the denial of the CR 41 motion to dismiss and order finding settlement reasonable.

## DISCUSSION

Citing RAP 2.2(a), the Seftons argue that Trinity is not entitled to appeal the order denying dismissal under CR 41(b) or the order determining

4

reasonableness of settlement as a matter of right. Trinity argues that the orders are appealable as a right under RAP 2.2(a)(3) or (13), or that we should grant discretionary review.[2]

First, the denial of a motion to dismiss is clearly not appealable. Atkinson v. Estate of Hook, 193 Wn. App. 862, 873, 374 P.3d 215 (2016) review denied, 186 Wn.2d 1014, 380 P.3d 483 (2016). Trinity may not appeal as a matter of right the trial court's denial of the CR 41(b) motion to dismiss.

Trinity also appeals the trial court's order finding the Seftons' settlement reasonable, permitting additional discovery, and reserving whether the settlement is binding on Trinity. A party may appeal as of right "[a]ny written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action." RAP 2.2(a)(3). A finding of reasonableness does not determine or discontinue the action because it does not resolve whether the settlement is binding on Trinity. While the amount that Trinity would be liable for is set by this order, whether they are liable for it is an outstanding question. The finding of reasonableness is not appealable under RAP 2.2(a)(3).

Trinity argues that the order is a final judgment because the statute of limitations has run on the Seftons' claims, and the issues are moot. But the statute of limitations and mootness do not relate to whether the reasonableness

---

[2] Trinity also argues that the Seftons should be estopped from raising this issue in their responsive pleadings because they did not bring a motion to dismiss on the same grounds. We reject this argument because, while the Seftons could have brought a motion to dismiss sooner, Trinity likewise failed to move for discretionary review. See RAP 6.2.

determination was final. Rather, these are arguments on the merits of Trinity's defenses against the Seftons' claims. In the same vein, Trinity argues that the reserved issue of whether the settlement is binding does not preclude finality because the motion for reasonableness was not properly before the court. But again, this is only if we assume the merits of Trinity's arguments regarding the statute of limitations and mootness. Moreover, we note that these issues are not properly before us, in any event, because they are matters for the trial court to address in the first instance and it has not yet done so.

Trinity cites Werlinger v. Warner, 126 Wn. App. 342, 347, 109 P.3d 22 (2005), which held that an order denying the reasonableness of a settlement was appealable under RAP 2.2(a)(3). But in that case, the trial court indicated that it would not enter a judgment in excess of the policy limits when rejecting a $5,000,000 settlement between the injured and the insured. On appeal, the court reasoned that the sole purpose of the reasonableness proceeding was to obtain a judgment in excess of the policy limits, so the trial court's order determined the action. Werlinger at 348. No such circumstances exist here. Trinity's purpose in these proceedings is to not pay the outstanding amount of the settlement between the Seftons and the other defendants. While the reasonableness hearing set the amount, whether Trinity must pay it is reserved. Unlike in Werlinger, this order on reasonableness does not determine the action.

Trinity cites these same arguments in support of its position that the order is appealable under RAP 2.2(a)(13), which permits review of "[a]ny final order made after judgment that affects a substantial right." But there has been no final

6

judgment with respect to Trinity in this case. And because the issue of whether the settlement amount is binding on Trinity is unresolved, Trinity cannot show that the order affects a substantial right. The order is not appealable under RAP 2.2(a)(13).

Trinity argues in the alternative that the panel should accept discretionary review, which may be granted only in the following circumstances:

> (1) The superior court has committed an obvious error which would render further proceedings useless;
> (2) The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act;
> ...

RAP 2.3(b). Trinity cites its assignments of error to support its argument for discretionary review. But the superior court did not commit an "obvious error" in determining reasonableness or denying the motion to dismiss.[3] Neither did it commit a "probable error" that substantially alters the status quo. Because the order denying dismissal and order of reasonableness are not appealable, we dismiss Trinity's appeal.

Attorney Fees

The Seftons request attorney fees under RAP 18.1 and 18.9, arguing that Trinity's appeal was frivolous and filed for the purpose of delay.

---

[3] To determine whether the settlement was reasonable, the trial court applied the nine factor test laid out in Chaussee v. Maryland Cas. Co., 60 Wn. App. 504, 512, 803 P.2d 1339 (1991). Trinity offers arguments that substantial evidence does not support three of these factors. But Trinity's arguments do not persuade us that the trial court made an "obvious error" when balancing the nine factors to determine reasonableness.

The court "may order a party or counsel ... who uses these rules for the purpose of delay [or] files a frivolous appeal ... to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court." RAP 18.9. An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal. Advocates for Responsible Dev. v. W. Washington Growth Mgmt. Hearings Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010) (citing Tiffany Family Trust Corp. v. City of Kent, 155 Wn.2d 225, 241, 119 P.3d 325 (2005)). All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant. Id.

Regardless of the merits of this appeal, we would decline to exercise our discretion to grant the Seftons' request for attorney fees. The Seftons had the opportunity to mitigate the expense and delay caused by this appeal by bringing a motion to dismiss after Trinity filed its notice of appeal. They did not do so. The request for attorney fees is denied.

Dismissed.

WE CONCUR: