**FILED**
**DECEMBER 10, 2020**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SETH BURRILL PRODUCTIONS, INC., a Washington corporation, | ) ) ) | No. 36899-8-III |
| Respondent, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| REBEL CREEK TACKLE, INC., | ) ) ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Rebel Creek Tackle, Inc. appeals the trial court's order

requiring it to file its motion to confirm arbitration award under a new cause number.

Due to the protracted nature of this litigation, we exercise discretionary review. We

affirm the trial court's order and impose sanctions for a frivolous appeal.

FACTS

After Allen Osborn invented two fishing tackles, he and his wife incorporated

Rebel Creek Tackle, Inc. (Rebel Creek). Rebel Creek, through its attorney, filed two

patents for Mr. Osborn's inventions. Rebel Creek granted Seth Burrill Productions, Inc.

(SBP) an exclusive license (Exclusive License) under the patent to manufacture and sell

the tackles. Following the signing of the Exclusive License, Rebel Creek began manufacturing and selling the tackles on its own.

In response, SBP commenced arbitration against Rebel Creek (hereafter "Arbitration One") under the Exclusive License. The arbitrator ruled in favor of SBP, awarding it seven points of remedy, including monetary and injunctive relief. In 2013, SBP sought to confirm the arbitration award. It paid a filing fee, was assigned Spokane County Superior Court cause number 13-2-01982-0 (the "2013 case"), and moved to confirm the arbitration award. The trial court granted the motion and entered judgment.

Rebel Creek did not comply with the judgment, and SBP brought a motion for contempt against it, which the trial court granted. Rebel Creek appealed to this court, which found the appeal frivolous, and awarded SBP attorney fees. *Seth Burrill Prods., Inc. v. Rebel Creek Tackle, Inc.*, No. 32119-3-III (Wash. Ct. App. July 7, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/321193.unp.pdf. Rebel Creek unsuccessfully petitioned our Supreme Court for review. *Seth Burrill Prods., Inc. v. Rebel Creek Tackle, Inc.*, 184 Wn.2d 1029, 364 P.3d 120 (2016).

In 2016, SBP brought a "Motion for Appointment of a General Receiver and Directing the Assignment of Patent and Molds to the Receiver" to the trial court in response to Rebel Creek's attorney claiming Rebel Creek had $9 and would not

participate in supplemental proceedings. The trial court granted the motion. Rebel

Creek appealed the order to this court, and we again found the appeal to be frivolous.

*Seth Burrill Prods., Inc. v. Rebel Creek Tackle, Inc.*, No. 34401-1-III (Wash. Ct. App.

Apr. 11, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/344011_unp.pdf.

In 2017, Rebel Creek brought a "Motion for Summary Judgment for Defendant's

Motion for Declaratory Judgment" in the 2013 case. The trial court denied the motion

and imposed CR 11 sanctions. Rebel Creek appealed the sanctions award to this court.

We found the appeal to be frivolous and imposed RAP 18.9(a) sanctions against Rebel

Creek. *Seth Burrill Prods., Inc. v. Rebel Creek Tackle, Inc.*, No. 35572-1-III (Wash. Ct.

App. July 11, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/

355721_unp.pdf.

Also in 2017, Rebel Creek filed for arbitration against SBP for failure to meet the

minimum sales requirement in the Exclusive License (hereafter "Arbitration Two").

Arbitration Two resulted in termination of the Exclusive License, an order for SBP to

return the molds it was using to Rebel Creek, and an order for SBP to pay the royalties for

all sales reported, amounting to $17,293.62, which SBP had previously attempted to give

to Rebel Creek's attorney who, in turn, had rejected the check. SBP complied with the

order by delivering the molds and $17,293.62 to Rebel Creek's attorney.  The arbitrator

did not order injunctive relief.  The decision was entered January 22, 2018.

On April 11, 2019, Rebel Creek sought to confirm the second arbitration award

under the 2013 case.  In its pleadings, it asserted SBP had continued to sell the tackle in

spite of the second arbitration award and requested injunctive relief.  The trial court

determined that it had authority to hear the motion, yet declined to do so on procedural

grounds.  The court explained:

> At this point it appears this matter isn't properly before the court.  It
> should be filed under a new case number because it's an entirely new issue
> and there's nothing in the record that has extended the scope of the first
> arbitration to this second arbitration. . . .
> . . . .
> I'm not overturning what the arbitrator has found. . . .
> Mr. Ivey, you're welcome to file this under a new case number.  I
> think that's the appropriate mechanism.  It would be a new motion rather
> than a continuing motion on this 2013 case . . . .
> The motion—or the request to have the matter heard today will be
> denied in favor of a [n]ew filing.

Report of Proceedings at 14-16.

Rebel Creek declined to pay a filing fee and timely appealed the trial court's order.

ANALYSIS

As a preliminary matter, we note that the appeal is from an order, not a final

judgment.  The parties do not discuss whether this appeal is reviewable as a matter of

4

right under RAP 2.2(a) or by discretion under RAP 2.3(b). Rather than request additional briefing and further delay this protracted litigation, we address the substantive issues.

REQUIRING REBEL CREEK TO PROCEED UNDER A NEW CAUSE NUMBER

Rebel Creek contends the trial court erred by dismissing its motion to confirm. It argues RCW 2.28.150 gives the trial court authority to confirm the second arbitration award. Rebel Creek did not make this argument below.

Generally, this court will only address issues that were raised below. RAP 2.5(a). There are three exceptions to this general rule: (1) where the trial court lacked jurisdiction, (2) where facts were not established on which relief could be granted, and (3) where there was a manifest error affecting a constitutional right. RAP 2.5(a)(1)-(3). The argument raised by Rebel Creek does not invoke any of these exceptions. Nevertheless, we exercise our discretion and address this issue so as to avert a later appeal premised on this argument.

RCW 2.28.150 provides:

> When jurisdiction is, by the Constitution of this state, or by statute, conferred on a court or judicial officer all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws.

In short, the statute gives a trial court discretion to adopt any "suitable process" in the exercise of its jurisdiction if the process is not specifically described by statute. Rebel Creek cites to multiple cases that discuss RCW 2.28.150, all of which confirm the trial court's discretionary authority.

Here, there is no statute that specifically describes how to confirm a second arbitration award that involves the same parties but a different dispute. The trial court exercised its discretion and determined that Rebel Creek should proceed under a new, separate cause number. The process envisioned by the trial court was a "suitable process" and thus was authorized by RCW 2.28.150.

Rebel Creek argues that starting a new cause number is illogical, given the protracted motion practice in the first cause number. We disagree. The initial motion in the 2013 case was SBP's motion to confirm the first arbitration award and enter a judgment. The second motion was SBP's motion for contempt to require Rebel Creek to comply with that judgment. The third motion was SBP's motion for an appointment of a receiver to assist SBP in collecting that judgment. The fourth motion was Rebel Creek's summary judgment motion, which was summarily dismissed. This history shows that every motion SBP brought in the 2013 case arose out of the first arbitration award. There is nothing illogical about the trial court's order that requires Rebel Creek to pay a filing

fee to initiate a separate case to confirm a separate arbitration award arising out of a separate dispute.

ATTORNEY FEES

Citing RAP 18.9(a), SBP requests attorney fee sanctions against Rebel Creek and its counsel for a frivolous appeal. RAP 18.9(a) authorizes this court to order a party or counsel who files a frivolous appeal to pay terms or compensatory damages to any harmed party. An appeal is frivolous "if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." *Advocates for Responsible Dev. v. W. Wash. Growth Mgt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). Rebel Creek's appeal meets these standards.

Rebel Creek's own authority acknowledges that a trial court has discretion, in the absence of statutory direction, to adopt the procedure it determines best conforms to the spirit of the laws. It provides no authority or coherent argument explaining how the trial court abused its discretion. Without such authority, the appeal presents no debatable issues and is so devoid of merit there is no possibility of reversal. We grant SBP's request for an award of attorney fee sanctions against Rebel Creek and its counsel.

7

No. 36899-8-III
*Seth Burrill Prod. v. Rebel Creek Tackle, Inc.*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____                    _____
Pennell, C.J.                                       Korsmo, J.

8