**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Marriage of<br><br>JODY KATHRYN JAYCOX,<br><br>          Respondent,<br><br>and<br><br>THOMAS DANIEL JAYCOX,<br><br>          Appellant. | No. 85950-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — This is a dissolution action between Jody and Thomas Jaycox. Appealing pro se, Thomas[1] argues (1) the trial court abused its discretion in denying him a continuance, (2) the trial court abused its discretion in the distribution of property, (3) the trial court erred in appointing a special master, and (4) the trial court improperly awarded fees and costs. We affirm.

I

Jody and Thomas married in 2001. The marital community ended in May 2022 when Jody filed for dissolution. Jody and Thomas had no children together. The

---

[1] This opinion refers to parties' first names for clarity. We intend no disrespect.

parties' community property included a family home, a vacant plot of land, and several retirement accounts.

On the day of trial, Thomas moved for a continuance explaining that he was unable to find a new attorney. Thomas had been previously been represented by three attorneys but did not have one on the day of trial. The trial judge denied his motion to continue. Accordingly, Thomas proceeded at trial pro se.

After a one-day trial, the trial court entered findings and conclusions. The trial court concluded that each party will keep their separate retirement, pension, investments, and personal items. The trial court appointed a special master for the sale of the family home and the vacant plot of land. The trial court ordered that the proceeds of the sale to be split 50 percent to Thomas and 50 percent to Jody. The trial court also awarded $10,000 to be paid by Thomas to Jody as an equalizing payment. Lastly, the trial court awarded Jody $10,000 in fees on the basis of intransigence.

Thomas appeals.

II

Thomas first argues that the trial court abused its discretion and denied his due process rights when it denied his motion for a continuance. We disagree.

The trial court has discretion to grant or deny a motion for a continuance. State v. Flinn, 154 Wn.2d 193, 199, 110 P.3d 748 (2005). We will not disturb a trial court's decision unless the appellant makes a clear showing that the trial court's decision is manifestly unreasonable or exercised on untenable grounds. Flinn, 154 Wn.2d at 199.

At the conclusion of the trial, the trial judge noted that the case had already been continued a number of times, and Thomas did not properly request a continuance until the start of trial. The trial judge noted that it was an old case and needed to go to trial.

There is no evidence that the trial court's decision was manifestly unreasonable. The case had already been continued multiple times. Thomas had ample time to find an attorney. It was well within the discretion of the trial court to deny the continuance on the day of trial.

Thomas also does not adequately explain how his due process rights were violated. There is no constitutional right to counsel at a dissolution proceeding. See King v. King, 162 Wn.2d 378, 394, 174 P.3d 659 (2007).

Accordingly, the trial court did not abuse its discretion when it denied Thomas a continuance.

III

Thomas argues the trial court abused its discretion in the distribution of property. We disagree.

The trial court's distribution of property in a dissolution action is guided by statute, which requires it to consider multiple factors in reaching an equitable conclusion. In re Marriage of Rockwell, 141 Wn. App. 235, 242, 170 P.3d 572 (2007). These factors include: (1) the nature and extent of the community property, (2) the nature and extent of the separate property, (3) the duration of the marriage, and (4) the economic circumstances of each spouse at the time the division of property is to become effective. RCW 26.09.080. A fair and equitable distribution "does not require mathematical precision, but rather fairness, based upon a consideration of all the

circumstances of the marriage, both past and present, and an evaluation of the future needs of parties." In re Marriage of Zahm, 138 Wn.2d 213, 218-19, 978 P.2d 498 (1999).

A trial court has considerable discretion in making a property division and will not be reversed on appeal absent a showing of manifest abuse of discretion. In re Marriage of Kraft, 119 Wn.2d 438, 450, 832 P.2d 871 (1992). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

Thomas primarily argues the trial court erred in property distribution on the basis that there was a prior oral and written agreement between the parties that governed dissolution. The trial court did not find any oral or written agreement between the parties. Thomas also does not cite to the agreement that was purportedly introduced to the trial court. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (an argument that is unsupported by reference to the record or citation to authority will not be considered).

The trial court did not abuse its discretion in the property distribution.

IV

Thomas argues the trial court erred when it appointed a special master and that the special master's appraisal was arbitrary and capricious. We disagree.[2]

Thomas argues that the trial court and special master incorrectly concluded that the vacant land was worth $140,000. At trial, Thomas did not present evidence of the

---

[2] As an initial matter, Thomas relies on Federal Rule of Civil Procedure (FRCP) 53 and corresponding federal cases, which are not binding on this court. Thomas fails to provide controlling authority that supports his argument. For that reason, we do not address his argument under FRCP 53.

appraisal that he claims valued the property higher. Jody testified that the Redfin estimate of the property was $230,412 and $66,901 was still owed. We will not disturb the trial court's valuation if it was within the range of credible evidence. In re Marriage of Sedlock, 69 Wn. App. 484, 490, 849 P.2d 1243 (1993).

Because Thomas presented no evidence to the contrary, the trial court did not abuse its discretion in its valuation of the vacant lot.

V

Thomas argues the trial court abused its discretion in awarding legal fees and costs. We disagree.

We review an award of attorney fees for an abuse of discretion. In re Marriage of Burrill, 113 Wn. App. 863, 873, 56 P.3d 993 (2002). An attorney fees award for intransigence may be granted when a party engages in foot-dragging, delay tactics, failure to cooperate with counsel, or any other actions that make litigation unduly difficult or costly. In re Marriage of Greenlee, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992).

Thomas argues that attorney fees were improper because Jody had been planning the divorce for a long time. He does not explain how the trial court's decision was manifestly unreasonable or based on untenable grounds.

For that reason, we conclude the trial court did not abuse its discretion when it awarded legal fees and costs.

VI

Lastly, Jody requests attorney fees under RAP 18.9(a).

RAP 18.9(a) permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a frivolous

appellate action. Reid v. Dalton, 124 Wn. App. 113, 128, 100 P.3d 349 (2004); RAP 18.9(a). "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010).

Although we reject Thomas's claims, we cannot say the appeal was so totally devoid of merit as to be frivolous. We decline attorney fees on appeal.

We affirm.[3]

_Mann, J._

WE CONCUR:

_Díaz, J._

_Feldman, J._

---

[3] Thomas also argues the trial court abused its discretion and denied his due process rights when it denied his motion to add evidence. Throughout his argument on this issue, Thomas refers to many matters outside the record before us and attempts to introduce documents that were not before the trial court. RAP 10.3(a)(8) (an appendix to a brief "may not include materials not contained in the record on review without permission from the appellate court."). We consider only evidence and facts properly before us. For that reason, we decline to address this argument.