# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LINDA ARMSTRONG, as personal representative of the ESTATE OF ROBERT WHITE,<br><br>Respondent,<br><br>v.<br><br>NADENE SAMMANN,<br><br>Appellant,<br><br>VITRUVIAN DESIGN, LLC,<br><br>Intervenor. | No. 86297-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — The trial court awarded attorney fees as a sanction against Nadene Sammann after she voluntarily struck her frivolous motion to vacate the default judgment, judicial foreclosure, and sheriff's sale. Sammann fails to provide any argument in support of her appeal taken from the order awarding attorney fees. Without argument, her appeal does not merit judicial consideration and we affirm.

I

Nadene Sammann and the estate of Robert White (Estate) have an extensive litigation history that has resulted in several appeals to this court. See In re Estate of Sammann, No. 81072-3-I (Wash. Ct. App. April 26, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/810723.pdf; In re Estate of

Sammann, No. 83355-3-I (Wash. Ct. App. March 20, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/833553.pdf; In re Estate of Sammann, No. 84454-7-I (Wash. Ct. App. October 20, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/844547.pdf. Our recent decision in Sammann, No. 84454-7-I, slip op. at 1-6, provides a lengthy discussion of the facts. Pertinent here, the trial court entered default judgment against Sammann and ordered judicial foreclosure on a deed of trust on her real property. Id. at 5. The King County Sheriff conducted a sale of the property. Id. The court confirmed the sale and disbursed the funds. Id. Sammann appealed the entry of the trial court orders that resulted in the sale of the property, which we affirmed. Id. at 1.

Sammann filed a motion to vacate the foreclosure and sale of her property, but then voluntarily struck the motion. The Estate requested sanctions against Sammann for filing the frivolous motion to vacate. The trial court ordered Sammann to pay the Estate $22,680 in attorney fees as a sanction for violation of CR 11 and under the attorney fee provision of the promissory note at issue in the underlying litigation. Sammann moved for reconsideration, which the trail court denied.

Sammann appeals.

II

Sammann filed a notice of appeal of the order awarding attorney fees to the Estate and the order denying her motion for reconsideration. However,

2

Sammann's appellate brief lacks any reasoned argument challenging the attorney fee award. Instead, Sammann's brief omits analysis of the award of attorney fees and repeats arguments against other rulings that this court has previously considered and rejected under earlier appellate cause numbers, as noted above. "It is well settled that a party's failure to assign error to or provide argument and citation to authority in support of an assignment of error, as required under RAP 10.3, precludes appellate consideration of an alleged error." Escude ex rel. Escude v. King County Pub. Hosp. Dist. No. 2, 117 Wn. App. 183, 190 n.4, 69 P.3d 895 (2003). Therefore, we will not consider Sammann's challenge to the court's award of fees against her.

Rather than reasoned argument as to the allegedly erroneously imposed CR 11 sanctions, Sammann reargues issues related to the default judgment, foreclosure, sale of the property, and disbursement of the funds that we affirmed in Sammann, No. 84454-7-I. We decline to consider these arguments as the law of the case doctrine precludes us from "re-deciding the same legal issues in a subsequent appeal." See Folsom v. County of Spokane, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988).

Additionally, the sanctions were entered pursuant to a motion to vacate. A CR 60(b) motion to vacate is not a substitute for a direct appeal and does not allow for a challenge to the underlying judgment. In re the Vulnerable Adult Petition for Winter, 12 Wn. App. 2d 815, 830, 460 P.3d 667 (2020). Sammann's appeal of the

attorney fees awarded as sanctions in the context of a frivolous motion to vacate does not allow her raise issues related to the underlying litigation.

Sammann fails to provide legal argument as to the only issue from which she took appeal, the attorney fee award against her after she voluntarily struck the frivolous motion to vacate. As a result, her claim does not merit judicial consideration. We affirm the trial court's order awarding fees.

III

The Estate seeks attorney fees pursuant to RAP 18.9(a). RAP 18.9(a) authorizes the appellate court "to order a party or counsel who files a frivolous appeal 'to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court.'" Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009) (quoting RAP 18.9(a)). "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010).

Sammann failed to provide any legal argument on issues pertaining to the award of attorney fees against her for her frivolous motion to vacate. Her appeal presents no debatable issues and is devoid of merit. Because the appeal is

frivolous, we award the Estate its reasonable costs and attorney fees on appeal subject to compliance with RAP 18.1.

Affirmed.

_Birk, J._

WE CONCUR:

_Coburn, J._          _Mann, J._