

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STEVEN HEEB, | ) | |
| | ) | No. 40771-3-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KAMBRA MELLERGAARD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

STAAB, J. — Steven Heeb appeals two orders: the trial court's order dismissing his complaint against Kambra Mellergaard, and the order declaring him a vexatious litigant. However, in his briefing, Heeb does not raise challenges to either order, or assign error to any of the court's findings or conclusions. Instead, he raises and argues issues arising in a different case against a different defendant.

We affirm and award Mellergaard attorney fees for defending a frivolous appeal. Heeb has not provided any assignment of error, citation to the record, argument, authority, or basis for the court to discern the relevant issues or to conduct a review of the merits. In addition, we deny numerous motions filed by Heeb during this appeal.

BACKGROUND

Steven Heeb and Kay Sikes were in a long-term committed relationship until June 2018. In 2019, Heeb filed a complaint requesting an equitable distribution of the couple's assets and debts. Heeb was represented by an attorney at that time, and Sikes was represented throughout the litigation by attorney Kambra Mellergaard.

The court held a settlement conference to finalize a binding CR 2A property distribution agreement. The court referenced the applicable property matrix and read additional terms of the agreement. Mellergaard confirmed the agreement reflected the settlement reached by the parties, as did Heeb's attorney. Nevertheless, contentious litigation continued.

After his motion for reconsideration was denied, Heeb appealed. *See Heeb v. Sikes*, No. 39491-3-III, slip op. at 5 n.1 (Wash. Ct. App. July 2, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/394913_unp.pdf at 5. He argued that he was prejudiced by nepotism between judicial officers, his attorney violated the rules of professional conduct, his right to a fair and impartial trial was violated, and the CR 2A settlement agreement was not valid. *Id*. at 1. This court disagreed with Heeb's assertions and affirmed. *Id*. at 9.

In October 2022, Heeb filed a lawsuit against Mellergaard alleging "Obstructing the Law and Fraudulent Statements." Clerk's Papers (CP) at 68. Heeb believed that the court imposed sanctions against him because of Mellergaard's "defamation and slander,

claiming that she made false statements about him deserving restraining orders and sanctions." Appellant's Br. at 16-17. However, the complaint focused on Heeb's dissatisfaction with his own attorney's representation, not his allegations against Mellergaard. The court granted Mellergaard's motion to dismiss the action pursuant to CR 12(b)(6) with prejudice. Heeb did not appeal the dismissal.

In August 2024, Heeb filed a second lawsuit against Mellergaard alleging "Enforcing Non Court Filed Documents for Illegal Proceedings [and] Intentional Slander." CP at 4. He then filed a motion asking the court to award him "20 million dollars" for Mellergaard's alleged offenses. CP at 153. Mellergaard moved to dismiss the action pursuant to CR 12(b)(6) for failure to state a claim upon which relief could be granted. She argued that the cause of action and subject matter were identical to the first lawsuit Heeb filed against her; thus, the doctrine of res judicata barred his claim.

Mellergaard further moved the court for an order declaring Heeb a vexatious litigant. She argued that previous sanctions had not deterred the filing of this second frivolous lawsuit, and Heeb was threatening to file another tort claim seeking "600 million dollars." CP at 91.

The court granted Mellergaard's motions, dismissing Heeb's complaint and declaring him a vexatious litigant. The court also ordered Heeb to pay Mellergaard $3,000 in attorney fees and costs as sanctions.

Heeb once again appealed.

Since this appeal was filed, Heeb has filed 10 motions. Some have been addressed or answered. Of the remaining motions, at least 1 motion requested accelerated review, several were titled "Motion For RAP 1.2(a) Mandate For Justice To Bring Forth My RAP 18.2 Filed Materials RAP 12.1 As Per Brief And Response Brief As Well Addresses Judicial Misconduct Of Trial And Appellant Court" (mandate for justice motions); and others were designated "Motion For RAP 12.9 Recall Mandate Under 18.12 Accelerated Review" (recall mandate motion).

In these motions, Heeb points to the original case with Sikes and his dissatisfaction with his attorney at that time as the source of his grievances. He further reiterates the contentions he previously raised in his earlier appeal. The motions are accompanied by numerous exhibits and appendices. Each appended document can be described as either pertaining to the litigation with Sikes, or a printed response to a legal inquiry that was entered into Google's artificial intelligence tool.

ANALYSIS

1.  ISSUES ON APPEAL

Heeb makes numerous assertions regarding errors and alleged injustices that occurred in his previous litigation against Sikes. Mellergaard argues that Heeb has not provided any assignment of error, citation to the record, argument, authority, or basis for this court to address on appeal.

Generally, we do not address issues that were not raised in the trial court. RAP 2.5(a). Nor do we consider issues that are inadequately briefed. *State v. Dennison*, 115 Wn.2d 609, 629, 801 P.2d 193 (1990). Although Heeb is representing himself, pro se appellants are held to the same standard as attorneys and must comply with all the procedural rules on appeal. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

An appellant's brief must conform with RAP 10.3, which provides two requirements pertinent here. First, the brief must contain "[a] separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error." RAP 10.3(a)(4). Second, the appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6).

Here, Heeb does not assign error to the dismissal of his complaint or the order declaring him a vexatious litigant. He does not allege the court erred by entering either order. Nor does he challenge any of the court's findings of facts or conclusions of law. Heeb also does not provide argument or authority to suggest this second lawsuit against Mellergaard is not barred by the doctrine of res judicata. Instead, Heeb attempts to re-argue the issues appealed from his case against Sikes. As such, none of Heeb's arguments are properly before this court.

5

Heeb advances two additional issues: first, he argues a writ of execution on personal property to enforce judgment against him was improper because his vehicles were exempt under farm property rules; and second, he contends Sikes violated the court's instructions to retrieve certain possessions within thirty days. However, similar to Heeb's other assertions, these allegations arise from a different case and are not within the scope of our present review.

In sum, Heeb does not present an error or issue that provides a basis for this court to review the order dismissing the complaint against Mellergaard and declaring Heeb a vexatious litigant. We decline to review the issues raised in Heeb's brief.

## 2.   POST-APPEAL MOTIONS

For similar reasons, we deny Heeb's various outstanding motions.

First, like his briefs, Heeb focuses his motion practice on his grievances arising from previous litigation with Sikes and his discontent with his attorney at that time. And although he points to multiple rules of appellate procedure as the bases for his motions, he fails to discuss the rules or apply them to the facts of this case. Nevertheless, we briefly address each of the rules Heeb cites.

Heeb cites RAP 1.2(a), RAP 18.2, and RAP 12.1 as the bases for his mandate for justice motions. RAP 1.2(a) provides that the rules of appellate procedure should be liberally interpreted to facilitate the decision of cases on the merits. We are unable to do that here because Heeb fails to argue the merits of the trial court's dismissal of *Heeb v.*

6

*Mellergaard*, the case on appeal, in either his briefs or motion practice. RAP 18.2 governs voluntary withdrawal of appellate review. However, other than merely citing the rule, it does not appear Heeb wishes to withdraw his appeal. Lastly, RAP 12.1(a) states "the appellate court will [generally] decide a case only on the basis of issues [briefed] by the parties." Here, Heeb fails to set forth any issues in his brief that are properly before this court; the case must be decided accordingly.

Finally, Heeb notes RAP 12.9 and RAP 18.12 as the bases for his recall mandate motion. RAP 12.9 governs the recall of a mandate or certificate of finality. However, neither the mandate nor the certificate of finality has been issued in this case. RAP 18.12 allows this court to set any review proceeding for accelerated disposition. Here, assuming Heeb is requesting accelerated review, such request is moot because the matter was set on the next available docket.

3.   ATTORNEY FEES

Mellergaard requests attorney fees under RAP 18.9(a) for defending against a frivolous appeal. She argues this appeal is frivolous because it is an attempt to relitigate claims made in previous actions upon which this court has already ruled. We agree.

An appellate court may award attorney fees as sanctions when the opposing party files a frivolous appeal. RAP 18.9(a); *Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). An appeal is frivolous if it "presents no debatable issues upon which reasonable minds might differ" and "is so

devoid of merit that there is no possibility of reversal." *Advocs. for Responsible Dev.*, 170 Wn.2d at 580. Close calls as to whether the appeal is frivolous are resolved in favor of the appellant. *Id*. If an appellant raises at least one debatable issue, the appeal is not frivolous, and attorney fees should not be awarded as sanctions. *Id*. at 580-81.

Here, the appeal is frivolous because Heeb fails to raise at least one debatable issue pertaining to the orders he appeals; nor does he challenge the court's ability to review or revisit these issues as a point of debate upon which reasonable minds could differ. And, because Heeb does not appear to oppose the court's order dismissing his complaint against Mellergaard and declaring him a vexatious litigant, there is no possibility of reversal. As such, we award Mellergaard her attorney fees against Heeb.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, C.J.

WE CONCUR:

_____
Murphy, J.

_____
Cooney, J.