# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
# DIVISION ONE

| | |
|---|---|
| CAROL DENISE DILLON, a Washington resident, | No. 86666-4-I |
| Appellant, | ORDER DENYING MOTION FOR RECONSIDERATION AND WITHDRAWING AND SUBSTITUTING OPINION |
| v. | |
| KIRK WILSON, a Washington resident, | |
| Respondent. | |

The appellant, Carol Dillon, has filed a motion for reconsideration of the opinion filed on April 21, 2025. The court has considered the motion, and the panel has determined that the motion should be denied but the opinion should be withdrawn and a substitute opinion filed; now, therefore, it is

ORDERED that the motion for reconsideration is denied; and it is further

ORDERED that the opinion filed on April 21, 2025 is withdrawn; and it is further

ORDERED that a substitute unpublished opinion shall be filed.

_Birk, J._

_Colun, J._          _Diaz, J._

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| CAROL DENISE DILLON, a Washington State resident, | No. 86666-4-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| KIRK WILSON, a Washington resident, | |
| Respondent. | |

BIRK, J. — We are asked whether the issue of property ownership was already adjudicated in earlier litigation, therefore barring appellant Carol Dillon's claims under collateral estoppel. We answer yes, and affirm.

I

The underlying facts in the dispute between the parties can be found in our earlier decision, Wilson v. Dillon, No. 85231-1-I, slip op. at 1-3 (Wash. Ct. App. July 15, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/852311.pdf. In that case, Kirk Wilson filed a complaint for unlawful detainer, or alternatively, for ejectment, against Dillon and her mother Alice Hudson. Id. at 1. The disputed residential property, 5135 S. Avon St. Seattle, WA 98178 (the property), was purchased by Wilson from Hudson and her husband in 2005. Id. at 1-2. Wilson obtained a mortgage on the property, and Hudson was to make monthly payments to Wilson's lender. Id. at 2. At some point, Dillon moved into the property. Id. It was agreed that the property was to be transferred back to Hudson "at some point,"

but the parties disagreed as to the manner and timing. Id. The superior court granted Wilson's unlawful detainer claim, dismissing all other claims and counterclaims in the action. Id. at 3. Holding that we could affirm the trial court's disposition on summary judgment "on any basis supported by the record on appeal," we affirmed the superior court's ruling on the basis that Wilson had proved the elements necessary for his ejectment claim, the first element of which was his ownership of the property. Id. at 5-6.

While matter No. 85231-1-I was pending in this court, but before our decision, Id. at 1, Dillon filed a complaint against Wilson, alleging claims for quiet title, adverse possession, and unjust enrichment. In response, Wilson filed a motion to dismiss, arguing that, because ownership had already been litigated and decided in the prior action, collateral estoppel barred Dillon's new claims. The superior court granted Wilson's motion to dismiss, agreeing that collateral estoppel barred Dillon's claims. After filing a motion for reconsideration, which the superior court denied, Dillon timely appeals.

II

Dillon argues that the issues in the two matters are not identical, and that the earlier decided unlawful detainer action was limited to a determination of possession, not ownership. However, because the superior court previously ruled on the ownership interest in the property, and because we affirmed that ruling on

2

de novo review, finding Wilson's ownership interest, Wilson, No. 85231-1-I, slip op. at 2-3, 6), we affirm the superior court's dismissal of Dillon's claims.

A

We review a CR 12(b)(6) dismissal de novo. Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). "Dismissal is warranted only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove 'any set of facts which would justify recovery.' " Id. (quoting Tenore v. AT & T Wireless Servs., 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998)). But we treat a CR 12(b)(6) motion "as a motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court." Sea-Pac Co., Inc. v. United Food & Com. Workers Loc. Union 44, 103 Wn.2d 800, 802, 699 P.2d 217 (1985). In reviewing an order of summary judgment, we engage in the same inquiry as the trial court. Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 381, 46 P.3d 789 (2002).

The trial court considered matters outside the pleadings when Wilson attached the earlier summary judgment order to his motion to dismiss. However, Dillon agrees the court could consider the order under the CR 12(b)(6) standard, and Dillon's argument is limited to the legal issue of collateral estoppel. Therefore, we will assume the CR 12(b)(6) standard applies. In some circumstances, a CR 12 motion may provide an appropriate vehicle to determine a core issue of law

where the basic operative facts are undisputed. Zurich Servs. Corp. v. Gene Mace Constr., LLC, 26 Wn. App. 2d 10, 20, 526 P.3d 46 (2023).

B

Dillon contends that the only issue decided in the prior litigation was the right to possession, and that the issue of ownership is different and therefore not precluded by collateral estoppel. We disagree.

Collateral estoppel " 'prevents relitigation of an issue after the party estopped has had a full and fair opportunity to present its case.' " Barr v. Day, 124 Wn.2d 318, 324-25, 879 P.2d 912 (1994) (quoting Hanson v. City of Snohomish, 121 Wn.2d 552, 561, 582 P.2d 295 (1993)). The doctrine of collateral estoppel, or issue preclusion, applies when each of these four factors are present:

> (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) the application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied.

Malland v. Dep't of Ret. Sys., 103 Wn.2d 484, 489, 694 P.2d 16 (1985). The court in an unlawful detainer action sits as a special tribunal to decide the narrow issues before it, and it does not generally allow claims or counterclaims. Hall v. Feigenbaum, 178 Wn. App. 811, 824, 319 P.3d 61 (2014). However, the trial court has inherent power to convert an unlawful detainer action into an ordinary civil action where the right to possession ceases to be an issue. Id. at 824-25. When

the court does so, the parties may properly assert counterclaims, cross claims, and affirmative defenses. Id.

In the prior litigation, the superior court considered claims and counterclaims beyond unlawful detainer, as well as Dillon and Hudson's adverse possession arguments. The superior court ruled that, "[w]hile it has not been [pleaded], [Dillon and Hudson's] arguments about adverse possession fail as a matter of law because [they] cannot establish the element of hostility." The superior court ruled on the issue of ownership, determining that Wilson is the "legal and registered" owner of the property. Because the superior court decided the issue of ownership  and Dillon's new action seeking to establish an ownership interest in the property implicates the identical issue of ownership, the superior court properly dismissed the new action for collateral estoppel.

Dillon argues that "the application of collateral estoppel would work an injustice" against her because, in the prior litigation, she "did not plead [a]dverse [p]ossession." We disagree. "The injustice component is generally concerned with procedural, not substantive irregularity. This is consistent with the requirement that the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate the issue in the first forum." Christensen v. Grant Cnty. Hosp. Dist. No. 1, 152 Wn.2d 299, 309, 96 P.3d 957 (2004) (citation omitted). In the prior action, the superior court noted that adverse possession had not been pleaded. But the superior court analyzed the issue of adverse possession based on the

5

parties' factual arguments. It concluded that Wilson's consent defeated the element of hostility as a matter of law, and that Dillon and Hudson's possession could not be averse to Wilson's interest when they were paying his mortgage. Because Dillon had the opportunity to fully and fairly litigate her claims to ownership, application of collateral estoppel here does not render an injustice.

Though we decided the appeal in the earlier case after the superior court granted dismissal in this case, Wilson, No. 85231-1-I, slip op. at 1, the dismissal order is consistent with our opinion. We held that the superior court had impliedly converted the unlawful detainer action into a civil action, and that Wilson had proved the necessary elements for his ejectment claim, the first being ownership of the property. Wilson, No. 85231-1-I, slip op. at 5 n.3. Dillon is estopped from bringing any claims for ownership of the property, as decisions in the prior case by both the superior court and Court of Appeals found Wilson to be the legal owner.

C

Dillon asks us to consider new evidence, a deed of trust encumbering the property that Wilson granted to Hudson's now deceased husband in 2005. Because of this evidence, Dillon asks us to remand for trial. RAP 9.11 limits our review of additional evidence to situations in which

> (1) additional proof of facts is needed to fairly resolve the issues on review, (2) the additional evidence would probably change the decision being reviewed, (3) it is equitable to excuse a party's failure to present the evidence to the trial court, (4) the remedy available to a party through postjudgment motions in the trial court is inadequate or unnecessarily expensive, (5) the appellate court remedy of granting a new trial is

6

inadequate or unnecessarily expensive, and (6) it would be inequitable to decide the case on the evidence already taken in the trial court.

Dillon does not show a compelling reason why she should be excused from not previously presenting this evidence to the trial court. Furthermore, she does not show how this evidence would change the outcome, as Wilson's granting of a deed of trust to Hudson's husband would be consistent with his ownership of the property as he claims. Dillon fails to comply with the stringent requirements of RAP 9.11. As such we will not receive this new evidence, and Wilson's motion to strike Dillon's reply brief is granted to the extent the reply brief references or relies on new evidence.

III

Wilson seeks attorney fees and costs, asserting that Dillon's appeal is frivolous and sanctionable under RAP 18.9(a), thus permitting his recovery. We construe all doubts in Dillon's favor under this rule. Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010). When this standard is applied, we do not find Dillon's appeal frivolous and deny Wilson's request for attorney fees under RAP 18.9(a).

Alternatively, Wilson seeks fees and costs under RCW 4.28.328(3), which permits recovery of attorney fees and costs when an aggrieved party prevails in defense of an action in which a lis pendens was filed and the filer of the lis pendens fails to provide substantial justification for the filing. Wilson shows that the lis pendens was not removed because of the pendency of this appeal. We do not

award attorney fees at this time, but in the event the superior court orders removal of the lis pendens following this opinion, the superior court may determine, in its discretion, whether a fee award is appropriate under RCW 4.28.328(3), and such fee award, if any, may include attorney fees incurred on appeal.

Affirmed.

_Birk, J._

WE CONCUR:

_Coburn, J._        _Smith, J._